

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| A.G., individually and as Parent and Natural Guardian of Z.G. a Minor, | |
| v. | CIVIL NO.     3488 |
| Mastery Charter School. | |

## COMPLAINT

FILED
AUG 01 2019
KATE BARKMAN, Clerk
By_____ Dep. Clerk

### PRELIMINARY STATEMENT

This action is brought under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq.* (the "IDEA"), Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Section 504"), and the American with Disabilities Act, 42 U.S.C. § 12131 *et seq.* (the "ADA"). After an administrative due process proceeding, Plaintiffs established that Mastery Charter School (the "School") had denied minor child a free appropriate public education ("FAPE"). The Hearing Officer ordered that the School provide 2.5 hours of compensatory education for each day that the School was in session during the 2016-2017 school year from September 23, 2016 and 1 hour a day for the entire 2017-2018 school year.[1] Accordingly, Plaintiffs are "prevailing parties" within the meaning of IDEA, Section 504 and the ADA and are entitled to their statutory attorneys' fees and costs.

---

[1] A redacted copy of the Administrative Decision attached as Exhibit 1 to the Complaint.

## JURISDICTION

1. This action is brought pursuant to 20 U.S.C. § 1401 *et seq.*, 29 U.S.C. § 794, and 42 U.S.C. § 12131. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343 and the aforementioned statutory provisions.

2. ZG is a student with a disability protected under the above statutes.

3. Plaintiff AG is Minor Student, ZG.'s mother.

4. Venue in this District is proper under 28 U.S.C. § 1391(b).

5. Plaintiffs have exhausted all administrative remedies.

6. Mastery Charter School is a governmental unit that receives federal financial assistance and administers public schools operating as a charter school.

7. The School is a local educational agency ("LEA") as defined by the IDEA.[2]

8. For the relevant time period, Mastery was the LEA responsible for educating ZG and providing public education and related services to ZG.

## STATUTORY BACKGROUND

9. The IDEA was enacted to "ensur[e] children with disabilities and families of such children access to a free appropriate public education and [to] improve educational results for children with disabilities." 20 U.S.C. § 1400(c)(3).

10. The IDEA and its implementing regulations, 34 C.F.R. pt. 300, require states and local school districts that receive funds under the IDEA to provide school age residents who have disabilities a FAPE, comprised of special education and related services. *See, e.g.*, 20 U.S.C. § 1401(9); 34 C.F.R. § 300.17.

---

[2] Mastery has asserted that the two schools that student attended are separate LEAs under the Mastery umbrella, however the supposedly separate LEAs defended the Due Process matter together and a denial of FAPE was found against both schools. For the purposes of this matter, both schools will we be addressed together.

11. The IDEA requires that school districts develop, review, and revise an Individualized Education Program ("IEP") for each child with a disability. 20 U.S.C. § 1412(a)(4).

12. Section 504 requires that students with disabilities have access to FAPE. Section 504 prohibits exclusion of, or discrimination against, any otherwise qualified individual with a disability by federal fund recipients. Failure to provide accommodations and supplemental services constitutes discrimination under Section 504.

13. The ADA extends the nondiscrimination prohibitions under Section 504 to services provided by any "public entity" without regard to whether that entity is a recipient of federal funds.

14. If a school district denies FAPE to a student, Plaintiffs may be entitled to various remedies under the IDEA, Section 504, and, in some cases, the ADA.

15. As prevailing parties, Plaintiffs are entitled to statutory attorneys' fees, expert costs,[3] and costs under the IDEA, Section 504 and the ADA. 20 U.S.C. §§ 1415(i)(3)(B) and (C), 29 U.S.C. § 794a, and 42 U.S.C. § 12205.

### STATEMENT OF HEARING OFFICER FINDINGS[4]

16. ZG is a student with a disability who, at the time relevant to the Due Process matter, was a student attending Mastery Charter schools.

---

[3] While a party is not entitled to expert costs under IDEA, Plaintiffs bring this Complaint under Section 504 and ADA, which both provide that prevailing parties are entitled to expert costs as a litigation cost. *See, Elizabeth S v School Dist. of Phila*, 2012 WL 2469547 at *5 (E.D Pa. June 28, 2012) (expert costs compensable under 504); *Lovell v Chandler*, 303 F.3d 1039, 1058 (9th Cir. 2002), *cert denied*, 537 U S 1105 (2003) (expert fees compensable under the ADA)

[4] A more detailed description of the Hearing Officer's findings are incorporated by reference and found in Exhibit 1.

17. As a student with a disability eligible for special education, ZG requires an individual education plan ("IEP") and accommodations in order to access education and receive a FAPE.

18. Mastery attempted to provide ZG IEPs during the 2016-2017 and 2017-2018 school years, but failed to provide ZG with an individualized plan that was appropriate to provide ZG with a FAPE. As a result AG, through counsel, filed an administrative Due Process complaint.

19. The Hearing Officer found that from September 23, 2016 through the end of the 2016-2017 school year student was denied a FAPE. The denial of FAPE flowed from events occurring at the end of the 2015-2016 school year. Student was also denied a FAPE for the entire 2017-2018 school year.

20. During the 2015-2016 school year, the School knew "that the Student exhibited sexually inappropriate behavior in school. The Student's behaviors were not controlled and interfered with the Student's learning and the learning of others." See, Exhibit 1.

21. The School needed to complete an FBA to develop a behavior plan commensurate with Student's behavioral issues. In this case, the School created a behavior plan before an FBA was performed and the behavior plan was not changed after the behavior assessment was completed.

22. Further, when the FBA was premised on the above sexually inappropriate behavior, the behavior plan and IEP were not changed to reflect any accommodations or programming to reflect these issues.

23. The programming was therefore not tied to the evaluation of the Student, and therefore was not tailored to ZG's unique educational needs.

24. The Student did not make meaningful progress behaviorally.

25. The School also failed by failing to address ZG's reading difficulties. The school never provided a reading program to student to enable ZG to meet reading goals.

26. Due to these failures, for the 2016-2017 compensatory education award, the Hearing Officer awarded 1.5 hours a day for the behavioral programming failures and 1 hour a day for the reading, totaling 2.5 hours per day.

27. Further, the Hearing Officer also found a denial of FAPE for the entirety of the 2017-2018 school year.

28. He found that the inappropriate behavior plan followed student to the 9th grade.

29. The Hearing Officer found that there was a procedural violation committed by the school in assigning a one on one aid during the 2017-2018 school year. This aid was added in response to student being raped by the dean at the school and the corresponding fallout at school. The aid was added without a change to the IEP which constitutes a violation of IDEA's procedural protections.

30. For the 2017-2018 school year, the Hearing Officer found that the issues in reading programming continued. ZG was not provided with specially designed instruction in reading and therefore substantively denied a FAPE. He awarded 1 hour of compensatory education a day for the denial of FAPE during the entire 2017-2018 school year.

## PROCEDURAL HISTORY

31. The dispute regarding the provision of a FAPE was initially filed with the Pennsylvania Office for Dispute Resolution (ODR), on September 3, 2018.

32. On September 13, 2018 Respondent filed an Answer; Motion to Strike Claims and Averments; and Motion to Limit Scope of Due Process Hearing.

33. On September 17, 2018, the following was filed by Petitioners with the Office of Dispute Resolution: Response in Opposition to Mastery's Motion to Strike; Motion for Pendant Placement and Transportation Pursuant to NOREP.

34. On September 18, 2018, the following was filed by Petitioners with the Office of Dispute Resolution: Response in Opposition to Mastery's Motion to Limit Scope.

35. On September 20, 2018, the following was filed by Petitioners with the Office of Dispute Resolution: Petitioners' Motion to Compel the Production of Records.

36. On September 24, 2018, the following was filed by Respondent with the Office of Dispute Resolution: Request for Subpoena for Documents.

37. On September 25, 2018, the following was filed by Respondent with the Office of Dispute Resolution: Response to Motion to Compel the Production of Records filed by Mastery Charter School, Simon Gratz Campus.

38. On September 28, 2018, Hearing Officer Ford issued a Pre-Hearing Order on the following issues: Motion to Strike; Motion to Limit; Motion for Production; The Pendency Motion; the Subpoena Request; and the LEA Status.

39. On October 1, 2018, the following was filed by Petitioners with the Office of Dispute Petitioners: Subpoena Request for Omar Harrison.

40. On October 14, 2018, the following was filed by Respondent with the Office of Dispute Resolution: Motion for Continuance.

41. On October 14, 2018, the following was filed by Petitioners with the Office of Dispute Petitioners: Opposition to Respondent's Motion for Continuance.

42. On October 16, 2018, the following was filed by Respondent with the Office of Dispute Petitioners: Proposed Facts Relative to Pendency Filed by Mastery Charter School.

43. On November 28, 2018, Hearing Officer Ford issued a Pre-Hearing Order on the issue of pendency.

44. On December 10, 2018, the following was filed by Respondent with the Office of Dispute Resolution: Motion to Reconsider Order to Pay Tuition.

45. On January 7, 2019, the following was filed by Petitioners with the Office of Dispute Resolution: Pre-Hearing Statement of Facts and Memorandum.

46. On January 7, 2019, the following was filed by Petitioners with the Office of Dispute Resolution: Pre-Hearing Statement of Facts and Memorandum.

47. On February 8, 2019, the following was filed by Petitioners with the Office of Dispute Resolution: Parent's Pre-Hearing Memo.

48. On February 15, 2019, the following was filed by Respondent with the Office of Dispute Resolution: Memorandum on KOSHK Date and/or Limitation on Claims Presented for Redress.

49. On February 15, 2019, the following was filed by Respondent with the Office of Dispute Resolution: Joint Witness Schedule.

50. On April 1, 2019, the following was filed by Respondent and Petitioners Jointly with the Office of Dispute Resolution: Joint Witness Schedule (updated).
51. On March 11, 2019, the Hearing Officer issued The Second Pre-Hearing Order finding that no LEA could be determined during the time from August 25, 2018 through September 25, 2018.
52. The Hearing was conducted over the course of three hearing dates, March 29, April 2, April 4, 2019.
53. Post hearing briefs were filed on May 20, 2019.
54. Decision in favor of ZG and AG was issued by the Hearing Officer on June 3, 2019.

### COUNT I - ATTORNEYS' FEES AND COSTS UNDER THE IDEA AND 504

55. Plaintiffs incorporate the above and below as though fully set forth herein at length.
56. The IDEA and its implementing regulations and Section 504 require LEAs to provide a FAPE to students with disabilities.
57. The Hearing Officer found, after an administrative Due Process hearing, that the District failed to provide student a FAPE, awarding compensatory education for the time student was denied a FAPE.
58. Plaintiffs were prevailing parties in the Administrative Proceeding.
59. At all times relevant to the instant action, Montgomery Law, LLC represented AG and ZG. Members of the firm litigated the entire Due Process matter.
60. Montgomery Law, LLC is a firm that practices almost exclusively parent and student-side special education and civil rights law located in Philadelphia, Pennsylvania. Lead Counsel for this matter, Joseph Montgomery and Zachary Meinen, are both barred

in multiple jurisdictions (Montgomery, PA, NJ, FL; Meinen, PA, WI), including multiple federal courts where they have assisted clients in complex federal and administrative special education matters. Counsel regularly participates in training and continuing education focused on special education and civil rights practice.

61. Attorneys Meinen and Montomgery have attended training on billing and fee shifting under the IDEA and related statutes. They continually research current fee rates awarded to similarly situated attorneys, communicate with other parent-side litigators on common billing and fee practices, advise the firm's staff on appropriate billing practice, and collaborate with staff in setting rates and appropriate billing practices at the firm.

62. As such, the fees invoiced by Montgomery Law, LCC are an accurate reflection of what is appropriate and reasonable considering the complexity of the instant matter, local billing rates, and the expertise of the individual attorneys and staff that contributed to the matter.

63. Because Plaintiffs are prevailing Parties, the District should be ordered to pay their attorneys' fees and costs. Plaintiffs' detailed timesheets and invoices will follow in a formal motion for fees and costs.

64. WHEREFORE, Plaintiffs demand judgment against Defendant awarding Plaintiffs attorneys' fees, expert fees and costs incurred during the state administrative proceeding and in this Court as permitted under 20 U.S.C. § 1415(i)(3)(B) and 29 U.S.C. § 794a(b) and any such other relief as the Court deems equitable and just.

August 1, 2019                                    Respectfully Submitted,

*/s/ Zachary A. Meinen*
Zachary A. Meinen, Esq. (319861)
Joseph W. Montgomery, Esq.
1420 Locust St. Suite 420
Philadelphia, PA 19102
Attorney for Plaintiffs

JS 44 (Rev 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Z.G. by and through her Parent, A.G., and A.G. individually

**DEFENDANTS**
Mastery Charter School

**(b)** County of Residence of First Listed Plaintiff    Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Zachary Meinen, Montgomery Law, 1420 Locust St. 420
Philadelphia, PA 19102, 215-650-7563

Attorneys *(If Known)*
Lucas J Rebka, O'Donnell Stacey, 108 E. Center St.
Nazareth, PA 18064, (610) 365-2670

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☒ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
20 U.S.C. § 1400 et seq.
Brief description of cause:
Prevailing Parties in Due Process seek attorneys' fees

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P
**DEMAND $** In Excess of $150,000
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE Diamond    DOCKET NUMBER 2:18-cv-04948

DATE 8/1/2019    SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG JUDGE

AUG - 1 2019

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 309 E. Ashdale St, Philadelphia, PA 19120

Address of Defendant: 5700 Wayne Ave. Philadelphia, PA 19144

Place of Accident, Incident or Transaction: Philadelphia PA

---

**RELATED CASE, IF ANY:**

Case Number: 2:18-cv-04948   Judge: Diamond   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions.

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [✓]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [✓]  No [ ]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [✓]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [✓]

I certify that, to my knowledge, the within case [✓] is / [ ] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 8/1/2019    *Attorney-at-Law / Pro Se Plaintiff*    319 861
                                                          *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A. Federal Question Cases:**
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [ ] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [✓] All other Federal Question Cases
    *(Please specify)* IDEA, Special Education

**B. Diversity Jurisdiction Cases:**
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify)* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
    *(Please specify)* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Zachary Meinen, counsel of record or pro se plaintiff, do hereby certify:

[✓] Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 8/1/2019    *Attorney-at-Law / Pro Se Plaintiff*    319861
                                                          *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

Zg. et al.    :    CIVIL ACTION
      v.      :
Mastery Charter School  :   NO. 19  3488

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (✓)

8/1/2019            Plaintiffs
Date    Attorney-at-law    Attorney for

215-650-7563   215-650-7563   zach@ed-law.com
Telephone    FAX Number    E-Mail Address

(Civ. 660) 10/02